# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| MICHAEL W. KENNEDY,<br><br>        Plaintiff,<br><br>vs.<br><br>HUGH SULE,<br><br>        Defendant.<br><br>MICHAEL W. KENNEDY,<br><br>        Plaintiff,<br><br>vs.<br><br>GENTLECARE DENTAL ASSOCIATES, P.C. and HUGH SULE,<br><br>        Defendants. | CIVIL CASE NO. CV0499-02<br><br>DECISION AND ORDER |

## INTRODUCTION

This matter came before the Honorable James L. Canto II on Defendant Hugh Sule's motion for new trial and renewed motion for judgment as a matter of law, filed December 13, 2013, which were taken under advisement effective February 23, 2014. Further, this matter also came before this Court on Defendant Gentlecare Dental Associates, P.C.'s motion for fees and costs filed December 23, 2013, which the Court took under advisement effective March 5, 2014. Having considered the parties' briefs and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

In this dental malpractice action, on September 26, 2013, a jury found Defendant Hugh Sule (hereinafter "Defendant Sule") to have been negligent in the treatment of Plaintiff. On December 6, 2013, the Court entered a judgment whereby Plaintiff was to recover from

Defendant Sule the sum of Sixty Two Thousand Two Hundred Thirty Six and 35/10 ($62.236.35) with interest at the rate of 6% per annum, plus Plaintiff's cost of action. (Judgment, Dec. 6, 2013).

I.     **Renewed Motion for Judgment as a Matter of Law & Motion for New Trial**

On December 13, 2013, Defendant Sule filed a renewed motion for judgment as a matter of law, pursuant to Rule 50 (b) of the Guam Rules of Civil Procedure, and a motion for new trial, pursuant to Rule 59 of the Guam Rules of Civil Procedure. In the renewed motion for judgment as a matter of law, Defendant Sule argues that there was insufficient evidence for a reasonable jury to find for Plaintiff on his claim against Defendant Sule when: (1) events arising out of this action occurred outside of the statutory time period under which a claim of malpractice by a healthcare provider must be made under 7 GCA § 11308; and (2) there is no substantial evidence that Plaintiff's harm was proximately caused by Defendant Sule. (Renewed Mot. J. as a Matter of Law, 5-15, Dec. 13, 2013). In the motion for new trial, Defendant Sule argues that (1) the court erred in instructing the jury as to the effect of the "ultimate outcome" in 18 GCA § 90108, Guam's comparative negligence statute, on their verdict; and (2) the verdict was against the weight of the evidence when Plaintiff's claim was untimely; and (3) there was inadequate evidence to support Plaintiff's claim as to causation. (Mot. New Trial, 2-10, Dec. 13, 2013).

On January 8, 2014, Plaintiff filed an opposition to Defendant Sule's motion for judgment as a matter of law and motion for new trial. Plaintiff argues that (1) jury verdicts in general should not be disturbed; (2) there was substantial evidence supporting the jury's finding that Plaintiff's claim was not time-barred; (3) Plaintiff established causation between the negligence of Defendant Sule and Plaintiff's injuries; (4) the ultimate outcome instruction pursuant to 18 GCA § 90108 was appropriate; and (5) the weight of the evidence supports the jury's verdict. (Opp'n Mot. Renewed Mot. J. as a Matter of Law & Mot. New Trial, 2-9, Jan. 8, 2014).

On January 22, 2014, Defendant Sule filed a reply. Defendant claims that Plaintiff is misrepresenting Guam law and suggests the Court to invoke the doctrine of *"falsiusin* [sic] *uno*

*falsius alterius*" as to the rest of Plaintiff's contentions in the opposition. (Reply to Mot. New Trial, 1-2, Jan. 22, 2014).

**2.      Motion for Fees and Costs**

On December 23, 2013, Defendant Gentlecare Dental Associates, P.C. (hereinafter "Defendant Gentlecare") filed a motion for fees and costs, pursuant to Rule 54 (d) of the Guam Rules of Civil Procedure. Defendant Gentlecare argues that it is a prevailing party under 10 GCA § 10142 (a) because Plaintiff did not improve upon the arbitration award against it. (Motion for Fees & Costs, 1-2, Dec. 23, 2013). Therefore, Defendant Gentlecare argues that it is entitled to its cost of action under 10 GCA § 10142 (b). *Id.* A declaration of fees and costs incurred by Defendant Gentlecare were concurrently filed with the motion. (Decl. Douglas B. Moylan, Dec. 23, 2013).

On January 9, 2014, Plaintiff filed an opposition to Gentlecare's motion for fees and costs and an objection to Gentlecare's bill of costs. Plaintiff argues that (1) fees should not be shifted when a redundant defendant is dismissed; (2) the fee shifting provisions in the Medical Malpractice Mandatory Arbitration Act should be construed narrowly; (3) the amounts claimed for attorneys' fees are unreasonable; and (4) Defendant Gentlecare should not be allowed costs pursuant to its Bill of Costs. (Opp'n Mot., 4-11, Jan. 9, 2014).

DISCUSSION

**1.      Renewed Motion for Judgment as a Matter of Law**

Under Guam law, renewed motions for judgment as a matter of law are governed by Rule 50 (b) of the Guam Rules of Civil Procedure, which provides:

> (b) Renewing Motion for Judgment After Trial; Alternative Motion for New Trial. If, for any reason, the court does not grant a motion for judgment as a matter of law made at the close of all the evidence, the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. The movant may renew its request for judgment as a matter of law by filing a motion no later than 10 days after entry of judgment—and may alternatively request a new trial or join a motion for a new trial under Rule 59. In ruling on a renewed motion, the court may:
> > (1) if a verdict was returned:
> > > (A) allow the judgment to stand,
> > > (B) order a new trial, or

(C) direct entry of judgment as a matter of law; or
(2) if no verdict was returned;
(A) order a new trial, or
(B) direct entry of judgment as a matter of law.

Guam R. Civ. P. 59 (b) (2010).

A motion for judgment as a matter of law shall be granted "if the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to that of the jury." *Guerrero v. DLB Const. Co.*, 1999 Guam 9 ¶ 11 (*citing Acosta v. City & Cnty of S.F.*, 83 F.3d 1143, 1145 (9th Cir. 1996), *abrogated by Randall v. Williamson*, 211 Fed.Appx. 565 (9th Cir. 2006) *on alternative grounds*).[1] Therefore, a reviewing court must "determine whether it is supported by substantial evidence or it is against the clear weight of the evidence." *Park v. Mobil Oil Guam, Inc.*, 2004 Guam 20 ¶ 11 (*citing O'Mara v. Hechanova*, 2001 Guam 13 ¶ 6). "Substantial evidence is such relevant evidence which reasonable minds might accept as adequate to support a conclusion even if it is possible to draw two inconsistent conclusions from the evidence." *Id.* (citations omitted).

### a. Statutory Time Limit under 7 GCA §11308

Defendant Sule argues that no reasonable jury could have found for Plaintiff because Plaintiff's claim was barred by 7 GCA § 11308, which states as follows:

> An action to recover damages for injuries to the person arising from any medical, surgical or dental treatment, omission or operation shall be commenced with one (1) year from the date when the injury is first discovered; provided, that such action shall be commenced within three (3) years from the date of treatment, omission or operation upon which the action is based.

7 GCA § 11308 (2005).

Defendant Sule argues that Plaintiff's claim violated the above statue in the following respects: (1) Plaintiff's claim was brought outside of three years from the date of the allegedly negligent treatment; (2) Plaintiff's claim was not made within one year from the date when the

\\\

---

[1] The Supreme Court of Guam has recognized that a motion for judgment as a matter of law shall be treated in the same manner as a motion for judgment notwithstanding the verdict. *Guerrero v. DLB Const. Co.*, 1999 Guam 9 ¶ 11 (citation omitted).

injury was first discovered; and (3) there was no continuing treatment to toll the statute. (Renewed Mot. J. as a Matter of Law, 5-12, Dec. 13, 2013).

To prevail on a motion for judgment as a matter of law, Defendant Sule must show that the jury's verdict cannot be supported by substantial evidence. *Park*, 2004 Guam 20 ¶ 45. The analysis does not hinge on whether there is overwhelming evidence to support a different conclusion. The present malpractice action was filed by Plaintiff on April 5, 2002. Evidence was presented to show that Defendant Sule continued to treat Plaintiff as a patient by calling him on multiple occasions after the April 5, 2001 date. Further, Plaintiff testified that he did not suspect injury as a result of Defendant Sule's negligence until after his consultation with Dr. Yasuhiro in July 2001. Defendant claims that Plaintiff was no longer reliant on Dr. Sule after his consultations with Dr. Hoffman in April and May of 2000. Considering both these assertions, the jury found that this action was not time-barred by 7 GCA 11308.

Although it is possible to draw an inconsistent conclusion that the action was time-barred, the Court finds that the above evidence is substantial evidence to support the jury's conclusion that this action was not time-barred. *Park*, 2004 Guam 20 ¶ 11. For this reason, Defendant Sule's renewed motion for judgment as a matter of law is denied as to this ground.

**b. Causation**

Defendant further argues that even if Defendant Sule had been negligent, "there was insufficient showing as to how or why the alleged negligence caused the harm which plaintiff claims to have sustained." (Renewed Mot. J. as a Matter of Law, 14, Dec. 13, 2013).

Under Guam law, to succeed in a negligence action, the plaintiff must show:

i. A duty, or obligation, recognized by law, requiring the person to conform to a certain standard of conduct, for the protection of others against unreasonable risks of harm;
ii. A breach of that duty, or failure to conform to the required standard;
iii. Proximate cause (a close and causal connection, also known as "legal cause");
iv. Actual loss or damage resulting to the interests of another.
v.

*Merchant v. Nanyo Realty, Inc.*, 1998 Guam 26 ¶ 14 (*citing* KEETON, ET AL., PROSSER AND KEETON ON THE LAW OF TORTS § 30 (5th ed. 1984)).

The Supreme Court of Guam has discussed the proximate cause element in depth as follows:

> [T]he proximate cause element of a negligence action embraces, at the very least, a causation-in-fact test, that is, the defendant's negligence must be a cause-in-fact of the plaintiff's claimed injuries. A defendant's conduct is not a cause-in-fact of an injury when the injury would have occurred even if the conduct had not taken place. When determining cause-in-fact, many courts traditionally apply the "but for" test, that is, to constitute proximate cause there must be such a natural, direct, and continuous sequence between the negligent act [or omission] and the [plaintiff's] injury that it can reasonably be said that but for the [negligent] act [or omission] the injury would not have occurred.

*Fenwick v. Watabe Guam, Inc.*, 2009 Guam 1 ¶ 13 (internal quotations marks and citations omitted).

Thus, the Court must determine whether there was substantial evidence for the jury to find a natural, direct, and continuous sequence from which it can reasonably be said that but for Defendant Sule's negligence, the injury would not have occurred. *Id.*

In this case, testimonies by Plaintiff, Dr. Cobb, Dr. Brady, and Dr. Gatewood were presented to establish a causal connection between Defendant Sule's negligence and Plaintiff's harm. Dr. Cobb's testimony especially presented evidence of a direct causal connection between Dr. Sule's treatment and Plaintiff's injuries. Moreover, the Court finds that Defendant Sule has not met his burden for judgment as a matter of law. Defendant Sule has not shown that the jury's verdict is not supported by substantial evidence. In support of his motion, Defendant Sule argues that there was testimony that implants fail for a number of reasons other than negligence by a dentist, including a patient's failure to follow his or her dentist's instructions. (Renewed Mot. J. as a Matter of Law, 15, Dec. 13, 2013). Defendant explains that evidence was presented to show that Plaintiff failed to follow Defendant Sule's instructions, by continuing to smoke and drink during the implant treatment, and also by failing to return for follow-up visits as instructed. *Id.*

Although Defendant Sule has shown that there is an alternate conclusion that can be drawn from the evidence, he has failed to show that his alternate conclusion is the only reasonable conclusion. *Guerrero*, 1999 Guam 9 ¶ 11. In fact, Defendant Sule concedes that

negligence by a dentist is a cause for the failure of implants. (Renewed Mot. J. as a Matter of Law, 15, Dec. 13, 2013). Although an inconsistent conclusion could have been drawn from the evidence presented, the Court finds that the presented evidence was adequate for reasonable minds to conclude that Defendant Sule's negligence caused Plaintiff's harm. *Park*, 2004 Guam 20 ¶ 11. There was substantial evidence to support the jury finding that Defendant Sule's negligence caused Plaintiff's harm. Defendant Sule further failed to meet his burden for a judgment as a matter of law. Therefore, Defendant's motion is denied as to these grounds.

## 2. Motion for New Trial

Under Guam law, Rule 59 (a) of the Guam Rules of Civil Procedure governs when a new trial may be granted after the conclusion of a jury trial:

Rule 59. New Trials; Amendment of Judgments.

(a) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues
> (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of Guam;

Guam R. Civ. P. 59 (a) (1) (2010).

In addition, 7 GCA § 21501 provides substantive grounds as to when a new trial may be granted:

§ 21501. When a New Trial May be Granted.

The finding may be vacated and any other decision may be modified or vacated; in whole or in part; and a new or further trial granted on all or part of the issues, on the application of the party aggrieved, for any of the following causes, materially affecting the substantial rights of such parties:

1. Irregularity in the proceedings of the court, or any order of the court or abuse of discretion by which either party was prevented from having a fair trial;
2. Accident or surprise, which ordinary prudence could not have guarded against;
3. Newly discovered evidence, material for the party making the application, which he could not, with reasonable diligence have discovered and produced at the trial;
4. Excessive damages appearing to have been given under the influence of passion or prejudice;
5. Insufficiency of the evidence to justify the finding or other decision, and that it

is against law;

6. Error in law, occurring at the trial, and excepted to by the party making the exception.

7 GCA § 21501 (2005).

The authority to grant a motion for new trial is "confided almost entirely to the exercise of discretion on the part of the trial court." *Murphy v. City of Long Beach*, 914 F.2d 183, 186 (9th Cir. 1990) (*quoting Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980)). Before disturbing a verdict, a trial court judge "must find the jury's decision to have been against the clear weight, overwhelming weight, or great weight of the evidence." *J.J. Moving Services, Inc. v. Sanko Bussan (Guam) Co., Ltd.*, 1998 Guam 19 ¶ 28. Thus, "[t]he wrong must be extreme in order for a judge to invade the jury's function." *Id.*

In this case, Defendant Sule's motion for trial is based on two grounds: (1) the Court erred in instructing the jury as to the effect of the "ultimate outcome" in 18 GCA § 90108, Guam's comparative negligence statute, on their verdict; and (2) the verdict was against the weight of the evidence when Plaintiff's claim was untimely and there was inadequate evidence to support Plaintiff's claim as to causation. (Mot. New Trial, 2-10, Dec. 13, 2013). Each ground will be discussed, in turn.

**a. Jury Instruction**

The Court will first address whether the Court erred in instructing the jury with the effect of the "ultimate outcome" in 18 GCA § 90108. [2] This was an issue previously presented to the Court during trial through an oral and written objection filed on September 24, 2013 by Defendant Sule. After consideration, the Court overruled the objection and instructed the jury

---

[2] The relevant statute, 18 GCA §90108, provides as follows:

> Contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages for negligence resulting in death or in injury to person or property, if such negligence was not as great as the negligence of the person against whom recovery is sought, but any damages allowed under the law on Compensatory Relief shall be diminished in proportion to the amount of negligence attributable to the person recovering.

18 GCA § 90108 (2005).

as to the "ultimate outcome" in 18 GCA § 90108. Hence, Defendant Sule's motion for a new trial as to this ground is based on a reconsideration of a Court's previous decision.

In his motion for new trial pursuant to Rule 59 (a) of the Guam Rules of Civil Procedure, Defendant Sule fails to present a reason for which new trials have been granted in actions at law in the courts of Guam which is applicable in the present case. Guam R. Civ. P. 59 (a) (1) (2010). Instead of applying the standard mandated by Rule 59(a), Defendant Sule argues that the instruction should not have been given to the jury because 18 GCA § 90108 was adopted from the Wisconsin comparative negligence statute, and the Wisconsin courts hold that it is reversible error to instruct the jury on the effect of the comparative negligence statute. (Mot. New Trial, 3-5, Dec. 13, 2013).

The Wisconsin courts have adopted what has been called the "blindfold rule," which is based on the concern that jurors might "attempt to manipulate the apportionment of negligence to achieve a result that may seem socially desirable." *Russell v. Stricker*, 262 Neb. 853, 858 (2001) (*citing McGowan v. Story*, 70 Wis.2d 189, 198 (1975)). Defendant correctly articulates that a particular state's case law interpreting that state's statute from which a Guam statute was derived is persuasive authority. *See Cruz v. Cruz*, 2005 Guam 3 ¶ 9.

However, persuasive authority is not binding authority. *See Hart v. Massanari*, 266 F.3d 1155, 1175 (9th Cir. 2001). Furthermore, the Supreme Court of Guam has found that deviation from persuasive authority is appropriate when there is a compelling reason to do so. *People v. Hall*, 2004 Guam 12 ¶ 18. In this case, the Court was presented with a compelling reason to deviate from the persuasive authority when:

> The overwhelming modern trend is away from the "blindfold rule" in comparative negligence jurisdictions and toward permitting the jury to be informed of the legal consequences of its special verdict answers through an "ultimate outcome" instruction because the jury's lack of knowledge does not eliminate sympathy and bias, but merely insures that the jury makes its decision in greater ignorance.

*Sollin v. Wangler*, 2001 ND 96 ¶ 13 (2001) (*citing Wheeler v. Bagley*, 254 Neb. 232, 237 (1998)).

As a result, a number of jurisdictions (including Iowa, Nebraska, Oregon, Wyoming, Minnesota, Hawaii, Kansas, Massachusetts, Montana, New Jersey, New York, Pennsylvania,

Utah, and West Virginia) permit or require a court to inform the jury of the effect of its answers. *Id.* at ¶ 14.

When considering whether a trial court had improperly instructed a jury such that a motion for new trial should be granted, the Supreme Court of Guam explained that "[a] trial court has wide discretion as to what instruction to give the jury in any case." *Fenwick v. Watabe Guam, Inc.*, 2009 Guam 1 ¶ 9 (*quoting B.M. Co. v. Avery*, 2002 Guam 19 ¶ 10). After careful consideration, the Court exercised its discretion and gave the instruction in question to the jury.

For these reasons, Defendant Sule's motion for new trial is denied as to this ground.[3]

### b. Weight of the Evidence

Defendant Sule next argues that the jury's verdict is against the weight of the evidence. In support of this claim, he argues that Plaintiff's claim was time-barred and that there was inadequate evidence to show that Defendant Sule caused Plaintiff's harm. These arguments were already addressed in the Court's discussion of Defendant Sule's motion for a judgment as a matter of law. Having found that substantial evidence existed to support the jury's verdict regarding the statutory time limit under 7 GCA §11308 and the causal link between Defendant Sule's negligence and Plaintiff's harm, the jury's verdict was not against the clear weight, overwhelming weight, or great weight of the evidence. *Sanko*, 1998 Guam 19 ¶ 28. For this reason, Defendant Sule's motion for a new trial is denied as to this ground.

### 3. Gentlecare's Motion for Fees and Costs

Under Guam law, a dental malpractice action that accrues or is being pursued in the territory of Guam must be submitted to arbitration. 10 GCA § 10102 (2005). The parties have the right to appeal the arbitration award and to request for a trial *de novo*. 10 GCA § 10139 (2005). If a party appealed the arbitration award and a jury trial was conducted, after the verdict is received and filed, the trial court shall impose sanctions against the non-prevailing party

---

[3] Although not characterized as such, Defendant Sule's request for the Court to reconsider this issue also fail under Rule 60 (b) of the Guam Rules of Civil Procedure because Defendant Sule is repeating the same arguments he previously made during trial. *See Petition of Quitugua v. Flores*, 2004 Guam 19 ¶ 38; Guam R. Civ. P. 60(b) (2010).

whose appeal resulted in the trial *de novo*:

> (b) The sanctions to be imposed by the court are as follows:
>> (1) Reasonable costs and fees (other than attorneys" fees) actually incurred by the party but not otherwise taxable under the law;
>> (2) Costs of jurors;
>> (3) Reasonable attorneys" fees actually incurred by the prevailing party.
>
> (c) Sanctions imposed against a plaintiff will be deducted from any award rendered. Sanctions imposed against a defendant will be added to any award rendered.

10 GCA § 10143 (a)-(c) (2005).

The prevailing party, for the purposes of this statute, has been defined as follows:

> (a) The Prevailing Party in a trial de novo is the party who has (1) appealed and improved upon the arbitration award by forty percent (40%) or more, or (2) has not appealed and the opposing party has appealed and failed to improve upon the arbitration award by forty percent (40%) or more. For the purpose of this rule, improve or improved means to increase the award for a plaintiff or to decrease the award for the defendant.
>
> (b) The Prevailing Party under these rules, as defined above, is deemed the prevailing party under any statute or rule of court, and as such is entitled to costs of trail [*sic*] and all other remedies as provided by law.

10 GCA § 10142 (2005).

Therefore, the "prevailing party" under these rules is entitled to costs of trial if the party (1) appealed and improved upon the arbitration award by forty percent (40%) or more; or (2) has not appealed and the opposing party has appealed and failed to improve upon the arbitration award by forty percent (40%) or more. *Id.*

Defendant Gentlecare argues that it is a prevailing party entitled to attorney's fees and costs because the Plaintiff did not improve on the arbitration award against Defendant Gentlecare. (Motion for Fees & Costs, 1-2, Dec. 23, 2013). The Court does not agree. The term "prevailing party" under the medical malpractice statute is defined in 10 CGA § 10142 (a). 10 GCA § 10142 (b) (2005). The definition of prevailing party applies to a prevailing party in a trial *de novo*. 10 GCA § 10142 (a) (2005). In this case, Defendant Gentlecare was not party to the trial as it was dismissed prior to the commencement of trial by motion of the Plaintiff and with explicitly stated non-opposition by Defendant Gentlecare. (Opp'n Mot., Exhibit A, Jan. 9,

2014). Under the plain language of the statute, a party that was not part of the trial cannot be a prevailing party in a trial *de novo*. 10 GCA § 10142 (a) (2005).

Furthermore, Defendant Sule is a majority owner and President of Gentlecare. (Decl. Hugh Sule, Exhibit 1-2, Jan. 29, 2013). The Court previously found that there were not any divergent interests between Defendant Sule and Defendant Gentlecare. (Decl. Carm Tenorio, Exhibit A, Jan. 9, 2014). The Court cannot fathom that Defendant Gentlecare would be considered a prevailing party under the medical malpractice statute when Defendant Sule, who has the same interests as Defendant Gentlecare, was found to be negligent and ordered to be owing to Plaintiff $62,236.35, which is $62,236.35 more than the arbitration award to Plaintiff, plus Plaintiff's cost of action.

For these reasons, Defendant Gentlecare's motion for fees and costs is denied.

As a collateral matter, it is necessary for this Court to note that Guam R. Civ. P. Rule 11 states in pertinent part:

> By presenting to the Court … a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, -
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law for the establishment of new law;
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; …

Guam R. Civ. P. Rule 11(b) (2010).

The Court may impose sanctions upon the attorneys, law firms, or parties who violate this Rule, pursuant to Guam R. Civ. P. Rule 11(c). The Court is highly concerned that it appears Defendant Gentlecare, who was no longer even a party to the case, filed its motion for fees and costs with the Court in violation of subsections (b)(1) and (b)(3) of Rule 11. Thus the Court will separately issue an order to show cause against Defendant Gentlecare's counsel for said violation, in accordance with Guam R. Civ. P. Rule 11(c)(1)(B).

///

///

///

## CONCLUSION

Based upon the foregoing, Defendant Sule's renewed motion for judgment as a matter of law and motion for new trial are hereby DENIED. In addition, Defendant Gentlecare's motion for fees and costs is DENIED.

SO ORDERED this ___16TH___ day of April, 2014.

_____
**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

R. Keogh, S. Forman M. Thompson & D. Moylan

Date: 4/16/14 Time: 4:10 pm

Deputy Clerk, Superior Court of Guam